THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHAN SHERROD, ) <br> SECRETS LOVING CARE DAYCARE, and ) <br> JOSHUA RIDDLE, SR., solely in his capacity as ) <br> parent and representative of Claimant, his minor ) <br> child, ) <br> ) <br> Defendants. | No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), brings this Complaint for Declaratory Judgment against Defendants, STEPHAN SHERROD ("Sherrod"), SECRETS LOVING CARE DAYCARE ("Secrets"), and JOSHUA RIDDLE, SR., solely in his capacity as parent and representative of Claimant[1], his minor child, and alleges and states as follows:

**STATEMENT OF THE CASE**

1. Plaintiff Scottsdale brings this action to obtain a declaratory judgment finding that it is entitled to rescind an insurance policy, no. CPS2980563 (the "Policy"), it issued to Sherrod and Secrets with effective dates of August 29, 2019 to August 29, 2020.

2. The Policy is void and must be rescinded *ab initio* because the August 28, 2019 application for insurance completed by Sherrod, which was the basis for Scottsdale's decision to

---

[1] To protect the identity of a minor child, Claimant's name has been omitted from this publically-filed document and this complaint, therefore, has been brought through the Claimant's father.

issue the Policy with certain terms, conditions, and pricing, contained material misrepresentations concerning Secret's business operation. In particular, Sherrod misrepresented Secret's hours of operation when, in fact, Secrets is a 24-hour daycare facility.

3. The material misrepresentations in the August 28, 2019 application for insurance completed by Sherrod renders the Policy unenforceable and precludes coverage for all claims and lawsuits tendered for coverage under the Policy.

## JURISDICTION AND VENUE

4. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

5. Plaintiff Scottsdale is a corporation organized under the laws of Ohio, with its principal place of business in Scottsdale, Arizona.

6. Defendant Sherrod is an individual and Indiana citizen residing within the jurisdiction of the United States District Court for the Northern District of Indiana. Defendant Secrets is an Indiana corporation located within the jurisdiction of the United States District Court for the Northern District of Indiana. The Policy was issued to Defendant Sherrod at Secrets' address located at 6527 Madison Avenue, Hammond, Indiana 46324.

7. Defendant Joshua Riddle, Sr. and Claimant, are individuals and Indiana citizens residing within the jurisdiction of the United States District Court for the Northern District of Indiana. Claimant was involved in a hit and run accident on December 10, 2019; his accident has resulted in an insurance claim being presented by Sherrod d/b/a Secrets to Scottsdale.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Scottsdale, on the one hand, and Indiana citizens Defendants, Sherrod, Secrets and Joshua Riddle, Sr., Claimant, and (b) the amount in controversy, including the potential cost

of defending Sherrod and/or Secrets and the potential cost of indemnifying Sherrod and/or Secrets with respect to a claim concerning a December 10, 2019 hit and run accident involving Claimant exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this lawsuit occurred within the venue of the United States District Court for the Northern District of Indiana, including where the Scottsdale Policy was negotiated, issued and delivered, the location of the county where Defendant Sherrod resides, where Secrets is located, and where the events or omissions giving rise to the. December 10, 2019 hit and run accident involving Claimant occurred.

10. An actual justiciable controversy exists between Scottsdale, on the one hand, and Defendants Sherrod, Secrets, and Claimant, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## SCOTTSDALE POLICY

11. Scottsdale issued to Sherrod and Secrets an insurance policy, No. CPS2980563, for the August 29, 2019 to August 29, 2020 policy period (the "Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit A**.

12. The Policy is a package policy that includes Commercial General Liability and Commercial Property coverages.

13. The Policy includes a Commercial General Liability Coverage Form [CG 00 01 04 13], which provides, in part:

3

**SECTION I – COVERAGES**

**COVERAGE A –BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*     \*     \*

**2. Exclusions**

This insurance does not apply to:

\*     \*     \*

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training, or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

\*     \*     \*

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured.

\*     \*     \*

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:
   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
   e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:
   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

      **(1)** "Bodily injury" or "personal and advertising injury":
      (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;
      (b) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;
      (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph **(1)(a)** or **(b)** above; or
      (d) Arising out of his or her providing or failing to provide professional health care services.

      **(2)** "Property damage" to property:
      **(a)**    Owned, occupied or used by;
      **(b)**    Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by;
      
      you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).
   b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

5

    **c.** Any person or organization having proper temporary custody of your property if you die, but only:

        **(1)** With respect to liability arising out of the maintenance or use of that property; and

        **(2)** Until your legal representative has been appointed.

    **d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

    **a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

    **b.** Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

    **c.** Coverage **B** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

        No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

* * *

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

    **6.** **Representations**

    By accepting this policy, you agree:

        a.    The statements in the Declarations are accurate and complete;

        b.    Those statements are based upon representations you made to us; and

        c.    We have issued this policy in reliance upon your representations.

* * *

**SECTION V. – DEFINITIONS**

    **2.**    "Auto" means:

        a. A land motor vehicle, trailer or semi-trailer designated for travel on public roads, including any attached machinery or equipment; or

6

   b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

   However, "auto" does not include "mobile equipment".

**3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

     \*   \*   \*

**11.**  "Loading or unloading" means the handling of property:

  a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

  b. While in or on an aircraft, watercraft or "auto"; or

  c. While being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

   but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

     \*   \*   \*

**13.**  "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

     \*   \*   \*

**18.**  "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage": or "personal or advertising injury" to which this insurance applies are alleged to which this insurance applies are alleged. "Suit" includes:

  a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

  b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

     \*   \*   \*

The Policy also includes an Errors and Omissions Coverage Part [GLS-172s

(11-18)], which provides, in part:

7

**1. Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as "damages" as a result of an "error or omission" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages:" However, we will have no duty to defend the insured against any "suit" seeking "damages" for an "error or omission" to which this insurance does not apply. We may, at our discretion, investigate any "error or omission" and settle any "claim" or "suit" that may result.

*   *   *

**2.   Exclusions**

This insurance does not apply to:

*   *   *

c.   Injury arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto," or watercraft owned or operated by or rented or loaded to any insured. Use includes operation and "loading and unloading."

*   *   *

**SECTION IV – COVERAGE PART CONDITIONS**

**6.   Representations**

By accepting this policy, you agree:

a.   The statements in the Declarations are accurate and complete;

b.   Those statements are based upon representations you made to us; and

c.   We have issued this policy in reliance upon your representations.

*   *   *

**SECTION VI. - DEFINITIONS**

1. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment.

2. "Claim" means an oral or written notice from any party that it is their intention to hold you responsible for any "error or omission."

3. "Damages" means monetary judgments, awards or settlements the insured is legally obligated to pay as a result of an "error or omission" to which this insurance applies.

"Damages" shall not include:

a. Amounts paid to you as fees or expense for services performed which are to be reimbursed or discharged as a part of the judgment or settlement; or

b. Judgments or awards arising from acts deemed uninsurable by law.

4. "Error or omission" means any negligent act, error or omission while performing those services described in the Schedule of this Coverage Part under the Description of Services.

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Loading or unloading" means the handling of person or property:

    a. After being moved from the place where accepted for movement into or onto an aircraft, watercraft or "auto";

    b. While in or on an aircraft, watercraft or "auto";

    c. While being moved from an aircraft, watercraft or "auto" to the place of final delivery;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

7. "Suit" means a civil proceeding in which "damages" for injury to which this insurance applies are alleged. "Suit" includes:

    a. An arbitration proceeding in which such "damages" are claimed and to which the insured must submit or does submit with our consent; or

    b. Any other alternative dispute resolution proceeding in which such "damages" are claimed and to which the insured submits with our consent.

\*   \*   \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*   \*   \*

9

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

\* \* \*

## SCOTTSDALE POLICY UNDERWRITING HISTORY

14. The insured risk identified as "Stephan [sic] Sherrod DBA Secrets Loving Care" was initially presented to Scottsdale through the Matthews Insurance Agency, 1151 Troutwine Rd., Crown Point, IN 46307, seeking Commercial Package coverage for a proposed 08/15/19 to 08/15/20 policy period. The application identified the day care business hours of operation as "24 hours". The "Day Nurseries and Preschools Supplemental Application" part, which identified the applicant as "Stepan [sic] Sherrod DBA Secrets Loving Care" and further indicated "No" in answer to the question "Is applicant transporting children to and from home and/or school?" A true and correct copy of the initial application is attached hereto and incorporated herein as **Exhibit B**. Via an email dated August 19, 2019, E&S/Specialty Underwriter II Pam Niehaus, advised Rousch Insurance Services, Inc.'s Scott Sackers as follows:

> Hi Scott! Thank you for the submission. We will pass on this one with it being a 24 hour daycare with no prior insurance. Please let me know if you have any questions. Thanks!

A true and correct copy of the August 19, 2019 email is attached hereto and incorporated herein as **Exhibit C**.

15. A few days later, on August 28, 2019, a new application was submitted through the Crowell Agency, Inc., 8244 Kennedy Avenue, Highland, IN 46322, on a different application form seeking Commercial Package coverage for a proposed 08/29/19 to 08/29/20 policy period. Significantly, the August 28, 2019 signed application identified the insured as "Stephen Sherod [sic] DBA Secrets Loving Care" and clearly indicated in response to the question "Is facility open

10

twenty-four (24) hours a day?":  NO. The second application for insurance coverage indicated "No" in answer to the question "Is applicant transporting children to and from home and/or school?" A true and correct copy of the August 28, 2019 application is attached hereto and incorporated herein as **Exhibit D**.

## THE CLAIMANT'S. DECEMBER 10, 2019 HIT AND RUN ACCIDENT

16. On December 10, 2019, Secrets operated its daycare business from multiple locations, including 6527 Madison Avenue, Hammond, IN 46324.

17. On December 10, 2019, Claimant, was living with his parents and siblings in a leased house owned by Sherrod located at 6532 Madison Avenue, Hammond, IN 46324, which is located directly across the street from the location of one of Secrets' facilities.

18. None of Joshua Riddle, Sr.'s children, including Claimant, were enrolled in Secrets on December 10, 2019.

19. As a courtesy for Sherrod's tenant, Sherrod would occasionally pick-up Joshua Riddle, Sr's children, including Claimant, in his personally-owned van after school and bring them to the 6527 Madison Avenue, Hammond, IN 46324 curbside.

20. On some occasions, the Joshua Riddle, Sr.'s children, including Claimant, would spend time at the Secrets facility (inside a residential property) located at 6527 Madison Avenue, Hammond, IN 46324, but, again, they were not enrolled in the Secrets' daycare.

21. Without charging any extra fees, van pick-up and delivery of children enrolled in Secrets (when their parents were unable to do so) was arranged by Sherrod.

22. On December 10, 2019, Sherrod picked-up Claimant first from O'Bannon Elementary School, then Claimant's brother and sister were picked up from Hess Elementary School.

11

23. A total of 7 children were in Stephan Sherrod's van when it arrived at the 6527 Madison Avenue, Hammond, IN 46324 curbside on December 10, 2019. Some of the children were supposed to come to afterschool daycare at the 6527 Madison Avenue location and 2 other children were going to be driven to another Secrets' location upon completion of the first stop at the 6527 Madison Avenue location.

24. As of December 10, 2019, there was no regular schedule for Joshua Riddle, Sr.'s children following their pickup and drop-offs at the 6527 Madison Avenue, Hammond, IN 46324 curbside. While Sherrod encouraged the Claimant's and his siblings' parents to provide instructions to Sherrod concerning their afterschool pickup and drop-off plan, this did not always occur.

25. On December 10, 2019, no prior instructions from the Claimant's and his siblings' parents had been received by Sherrod concerning where the children were to go after the van arrived at the 6527 Madison Avenue location. However, it quickly became apparent to Sherrod through his observations of the Joshua Riddle, Sr. children that they were to go immediately home and not into the Secrets daycare facility located at 6527 Madison Avenue, Hammond, IN 46324. It further became clear that Claimant saw Claimant's father, Joshua Riddle, Sr., directly across the street from the 6527 Madison Avenue Secrets location in the front yard of the 6532 Madison Avenue, Hammond, IN 46324 leased home. Claimant broke free from Claimant's brother's hand and entered the street without keeping a proper look-out and was struck by an oncoming "hit and run driver" truck.

26. Although (as of the date of the filing of this complaint) no lawsuit has been filed against the insured arising out to the December 10, 2019 hit and run accident involving Claimant, on January 17, 2020, Sherrod placed Scottsdale on notice of a claim.

27. Via correspondence dated March 25, 2020, Scottsdale advised Sherrod that Scottsdale was continuing its investigation of the Claimant's claim under a full and express reservation of rights, including but not limited to, Scottsdale's discovery during its investigation of the Claimant's claim that grounds for rescission of the Policy may exist.

## COUNT I
## RESCISSION OF THE POLICY BASED ON MATERIAL MISREPRESENTATIONS

28. Scottsdale incorporates by reference paragraphs 1-27 above as if fully stated herein.

29. In the application for insurance coverage, Sherrod falsely answered questions concerning Secrets' hours of operation and whether the applicant transported children to and from home and/or school.

30. The omission, non-disclosure, or concealment of the true nature of Secrets' business operations prevented Scottsdale from properly evaluating the underwriting risks.

31. Sherrod/Secrets' material misrepresentations in the August 28, 2019 insurance application induced Scottsdale into issuing the Policy.

32. Scottsdale reasonably relied upon the material misrepresentations in the August 28, 2019 insurance application (Exhibit D).

33. Scottsdale detrimentally relied upon the representations made by Sherrod/Secrets in the August 28, 2019 insurance application (Exhibit D) in deciding to issue the Policy effective August 29, 2019.

34. The representations made by Sherrod/Secrets in the August 28, 2019 insurance application (Exhibit D) were material to Scottsdale's decision to issue the Policy effective August 29, 2019.

35. Contemporaneous with the filing of this complaint, Scottsdale has returned to Sherrod the premium previously paid by Sherrod dba Secrets for the Policy.

36. Because the Policy is void, Scottsdale has no duty to defend or indemnify Sherrod or Secrets with respect to the December 10, 2019 hit and run accident involving Claimant and/or any other claim not yet presented to Scottsdale concerning the Policy.

## COUNT II:  DECLARATORY JUDGMENT
## BREACH OF POLICY'S SECTION IV. COVERAGE PART CONDITIONS
## 6. REPRESENTATIONS

37. Scottsdale incorporates by reference paragraphs 1-36 above as if fully stated herein.

38. The Policy's Commercial General Liability Coverage Form [CG 00 01 04 13] and Errors and Omissions Coverage Part [GLS-172s (11-18)] include a condition that provides:

> **6.    Representations**
>
> By accepting this policy, you agree:
>
> a.   The statements in the Declarations are accurate and complete;
>
> b.   Those statements are based upon representations you made to us; and
>
> c.   We have issued this policy in reliance upon your representations.

39. Sherrod's misrepresentation concerning the hours of Secrets' operations was a material misrepresentation in the application for insurance regarding the hours of operation of Secrets. This issue had been an important factor in Scottsdale's prior rejection of the risk. Additionally, Sherrod misrepresented that children were not transported to/from school and home.

40. Sherrod's conduct in amending the application and resubmitting it within a few days of the prior rejection of coverage utilizing a different spelling of the insured's name and through a different insurance agency is a breach of the Policy's **SECTION IV. COVERAGE PART CONDITIONS 6. Representations**.

41. Alternatively, if the Policy is not rescinded, there would still be no coverage available to Sherrod or Secrets because the Policy's **SECTION IV. COVERAGE PART CONDITIONS 6. Representations** has been breached.

### COUNT III:  DECLARATORY JUDGMENT
### NO DUTY TO DEFEND OR INDEMNIFY

42. Scottsdale incorporates by reference paragraphs 1-41 above as if fully stated herein.

43. Alternatively, if the Policy is not rescinded, there would still be no coverage available to Sherrod or Secrets because the insuring agreement under the Commercial General Liability Coverage Part of the Policy has not been satisfied.

44. Alternatively, if the Policy is not rescinded, there would still be no coverage available to Sherrod or Secrets because the insuring agreement under the Errors and Omissions Coverage Part of the Policy has not been satisfied.

45. Alternatively, if the Policy is not rescinded, there would still be no coverage available to Sherrod or Secrets because the December 10, 2019 hit and run accident involving Claimant did not arise out of the insured business operations.

46. Alternatively, if the Policy is not rescinded, there would still be no coverage available to Sherrod or Secrets under the "auto" exclusion in the Commercial General Liability Coverage Part of the Policy.

47. Alternatively, if the Policy is not rescinded, there would still be no coverage available to Sherrod or Secrets under the "auto" exclusion in the Errors and Omissions Coverage Part of the Policy.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court enter a declaratory judgment in its favor and against Defendants, STEPHEN

SHERROD, SECRETS LOVING CARE DAYCARE, and JOSHUA RIDDLE, SR., declaring, adjudging, and decreeing as follows:

 A. The Policy is rescinded *ab initio*;

 B. The material misrepresentations in the August 28, 2019 application renders the Policy unenforceable and precludes coverage for all claims and lawsuits tendered for coverage under the Policy;

 C. Alternatively, declare the insured has breached the Policy's SECTION IV. COVERAGE PART CONDITIONS 6. Representations.

 D. Alternatively, declare there is no coverage under the Policy available to Sherrod or Secrets because the insuring agreement under the Commercial General Liability Coverage Part of the Policy has not been satisfied.

 E. Alternatively, declare there is no coverage under the Policy available to Sherrod or Secrets because the insuring agreement under the Errors and Omissions Coverage Part of the Policy has not been satisfied.

 F. Alternatively, declare there is no coverage under the Policy available to Sherrod or Secrets because the December 10, 2019 hit and run accident involving Claimant did not arise out of the insured business operations.

 G. Alternatively, declare there is no coverage under the Policy available to Sherrod or Secrets because the December 10, 2019 hit and run accident involving Claimant is precluded by the "auto" exclusion in the Commercial General Liability Coverage Part of the Policy.

 H. Alternatively, declare there is no coverage under the Policy available to Sherrod or Secrets because the December 10, 2019 hit and run accident involving Claimant is precluded by the "auto" exclusion in the Errors and Omissions Coverage Part of the Policy.

      I.      Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of Scottsdale's attorneys' fees and costs.

DATED: June 9, 2020                     Respectfully submitted,

                                              **GOLDBERG SEGALLA LLP**

                                              By:   *Larry D. Mason*
                                                      One of the Attorneys for Scottsdale Insurance Company

Larry D. Mason – IN Bar #34850-45
GOLDBERG SEGALLA LLP
222 West Adams Street, Suite 2250
Chicago, IL 60606
312-572-8444 / Fax: 312-572-8401
lmason@goldbergsegalla.com
26556299.v1

17