UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,)<br>       Plaintiff,               )<br>                                  )<br>   v.                              )<br>                                  )<br>STEPHAN SHERROD, *et al.*,       )<br>       Defendants.             ) | CAUSE NO.: 2:20-CV-224-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment Against Defendant Joshua Riddle, Sr. [DE 37], filed August 19, 2021. Plaintiff Scottsdale Insurance Company moves for summary judgment confirming that the commercial insurance policy issued to Stephan Sherrod d/b/a Secrets Loving Care Daycare is rescinded and no payment under the policy is due to Defendant Riddle.

**I.     Procedural Background**

On June 9, 2020, Scottsdale filed a complaint to obtain a declaratory judgment finding that it is entitled to rescission of an insurance policy issued to Defendants Stephan Sherrod and Secrets Loving Care Daycare. The case against Defendant Stephan Sherrod was dismissed without prejudice after he died. Defendant Secrets Loving Care Daycare did not appear and it was severed from the rest of the case after a clerk's entry of default was entered against it, leaving Defendant Riddle the only active defendant in this case. Scottsdale filed the instant motion for summary judgment on August 19, 2021, and Riddle did not file a response.

The remaining parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment

in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of

witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. On cross motions for summary judgment, a court construes, "all inferences in favor of the party against whom the motion under consideration is made." *Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F3.d 615, 621 (7th Cir. 2008). The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

**III.   Material Facts**

Northern District of Indiana Local Rule 56-1 requires the moving party to include with its motion for summary judgment a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file a "'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed." N.D. Ind. L.R. 56-1(b)(2). In this case, as the moving party, Scottsdale has submitted a Statement of Material Facts. However, Defendant Riddle has not submitted a response brief, much less a Statement of Genuine Disputes; therefore, the facts referred to below, as asserted by Scottsdale, are considered to exist without controversy for the purposes of this Motion for Summary Judgment. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit Court of Appeals has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

Sherrod applied for an insurance policy through Scottsdale on or about August 16, 2019.

The initial application indicated that the daycare business he was seeking to insure was open twenty-four hours per day and did not transport children. A second application was submitted a few days later, on August 28, 2019, that indicated that the daycare was not open twenty-four hours per day and did not transport children. On the basis of the second application, a policy was issued on August 29, 2019, providing coverage for a year.

On December 10, 2019, Sherrod picked up Riddle's minor child from school and drove him to Sherrod's daycare facility. After exiting Sherrod's van, the minor child was injured by a truck that then fled the scene.

On March 25, 2020, Scottsdale issued a reservation of rights to Sherrod in connection with the incident, reserving the right to rescind the policy, and on June 9, 2020, it sent a letter to Sherrod stating that rescission of the policy was warranted. The letter stated that there were material misrepresentations in the application for insurance, and that the premium was being returned in an enclosed check. On June 23, 2020, Sherrod deposited the return of premium check.

**IV.  Analysis**

The Local Rules provide that responses to motions for summary judgement must be filed "within 28 days after the movant serves the motion," N.D. Ind. L.R. 56-1(b), and "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003), *cert. denied*, 540 U.S. 909, 124 S. Ct. 282, 157 L. Ed.2d 197 (2003). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir.

2014); *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004); *Waldridge*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). It further states that summary judgment, if appropriate, should be entered against a party who fails to respond as provided in the Rule. *See id*. Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

In the instant Motion, Scottsdale argues that the insurance policy issued to Stephan Sherrod d/b/a Secrets Loving Care Daycare was rescinded due to the material misrepresentations of Sherrod. "[A] material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable at the insurance company's option" because it is "a failure of the 'meeting of the minds' as to the terms of the contract, specifically the risk to be insured." *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 672 (Ind. 1997). In particular, Scottsdale asserts that Sherrod provided false information regarding whether he was running a twenty-four hour daycare business, which he knew would lead to insurance denial by Scottsdale, and whether children were being transported by Sherrod to or from school. There is no dispute that Sherrod was transporting Riddle's minor child at the time of the incident underlying the lawsuit, which was a material misrepresentation, and thus the coverage is voidable.

Scottsdale also asserts that the contract has been rescinded because it returned Sherrod's premiums to Sherrod, explicitly informing him that the check was issued in order to rescind the

policy, and Sherrod deposited the check. In Indiana, "where an insurer desires to rescind the contract on the ground of fraud, it must return, or offer to return, the consideration within a reasonable time after acquiring knowledge of the fraud." *Prudential Ins. Co. of Am. v. Smith*, 231 Ind. 403, 412-13, 108 N.E.2d 61, 65 (1952); *see also Dodd v. Am. Fam. Mut. Ins. Co.*, 983 N.E.2d 568, 570 (Ind. 2013); *ProAssurance Indem. Co., Inc. v. Wagoner*, No. 115CV01389JMSMPB, 2017 WL 3421983, at *7 (S.D. Ind. Aug. 9, 2017). Scottsdale has done so in this case. Accordingly, it rescinded the contract.

**V.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment Against Defendant Joshua Riddle, Sr. [DE 37] and **DECLARES** that the Scottsdale Insurance Company policy number CPS2980563 issued to Stephan Sherrod and Secrets Loving Care Daycare is void and rescinded, and does not provide coverage for any loss suffered by Defendant Riddle in his capacity as parent and representative of his minor child. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Plaintiff Scottsdale Insurance Company and against Defendant Joshua Riddle, Sr.

The only claims remaining in this case are against Defendant Secrets Loving Care Daycare, and any proceedings in this case involving Defendant Secrets Loving Care Daycare shall therefore be conducted by the assigned District Court Judge.

SO ORDERED this 4th day of November, 2021.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record